**Kun Ko LIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73523.

United States Court of Appeals, Ninth Circuit.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted May 13, 2004.*

Decided May 24, 2004.

Alphan K. Tsoi, Esq., Monterey Park, CA, Angela Y. Shu, Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., Shelley R. Goad, Esq., Washington, DC, for Respondent.

Before: MCKEOWN, BYBEE, Circuit Judges, and BREYER, District Judge.**

## MEMORANDUM ***

Kun Ko Lin, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' summary affirmance of the order by the Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture.

Lin asserts that he was arrested, detained, and beaten by the police in China because of his sexual orientation. On appeal, Lin claims that substantial evidence does not support the IJ's adverse credibility determination. Because Lin's evidence would not compel any reasonable adjudicator to conclude that he was eligible for asylum or withholding of removal, 8 U.S.C. § 1252(b)(4)(B), we uphold the IJ's factual determinations and deny the petition.

We afford great deference to an immigration judge's adverse credibility finding: "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(A)-(B); *see Farah v. Ashcroft,* 348 F.3d 1153, 1156

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.2003). Thus, when a petitioner contends that the IJ's credibility findings are erroneous, the petitioner "must establish that the evidence not only supports that conclusion, but compels it." *Id.* (quoting *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998) (citation and internal quotations omitted)).

In making the adverse credibility determination, the IJ primarily relied on two inconsistencies in Lin's testimony. First, the IJ explained that, given Lin's statement that he had not seen his partner Xhu Yu San since January 1998, it was "inconsistent" for Lin to believe that he had any relation with Xhu Yu San that necessitated Lin's phone call to warn Xhu Yu San when the police came to Lin's house. Second, the IJ explained that the following statements were "internally inconsistent," "inconsistent with ... prior testimony," and "cannot be reconciled": (1) Lin had only had one homosexual partner, (2) his last homosexual activity was in November 1998, (3) he had last seen his partner Xhu Yu San in May of 1998 in the park, and (4) he had last seen his partner Xhu Yu San in January 1998 at Xhu Yu San's house.

While an IJ cannot substitute her own subjective interpretation of what happened, *see Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996) (concluding that "conjecture is not a substitute for substantial evidence"), it is also not the role of this Court "to substitute an analysis of which side in the factual dispute we find more persuasive." *Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th Cir.2000) (quoting *Marcu v. INS,* 147 F.3d 1078, 1082 (9th Cir.1998)).

The activities resulting from Lin's relationship with Xhu Yu San formed the entire basis of Lin's asylum claim. It was this relationship that allegedly caused the community to discover that Lin was gay; it was this relationship that allegedly caused the police to arrest, detain, and beat Lin; it was this relationship that allegedly precluded Lin from attending school; and it was this relationship that allegedly caused Lin's parents to urge Lin to leave China. Yet, the IJ determined that Lin was unable to present a consistent chronology of key events in his relationship. Lin made several statements that are inconsistent on their face. These facts constituted substantial evidence to support the adverse credibility finding. *See Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001) (where the adverse credibility determination "goes to the heart of" petitioner's asylum claim, no further inquiry into petitioner's remaining claims is necessary). Plaintiff has offered no evidence to compel a different result.

Accordingly, we uphold the finding, and therefore the denial of Lin's asylum, withholding of removal, and relief under the CAT claims, because the IJ established a legitimate, articulable basis to question Lin's credibility and offered specific, cogent reasons for this disbelief. *See Farah,* 348 F.3d at 1156. The discrepancies in Lin's testimony were directly relevant to Lin's credibility, which in turn was necessary to his asylum and withholding of removal claims. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002).

**PETITION DENIED.**